# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ADMINISTRATIVE ORDER CONCERNING JURY TRIALS AND CERTAIN OTHER PROCEEDINGS RELATIVE TO COVID-19 MATTERS | Misc. No. 2:20-mc-394-MRH |

WHEREAS, public health authorities have advised public and private agencies to promptly take necessary and appropriate precautions to reduce exposure to novel coronavirus ("COVID-19") and slow the spread of the disease; and

WHEREAS, jury selection in this District frequently involves large jury venire pools, often consisting of many individuals in the age category identified by the Centers for Disease Control and Prevention as being particularly at risk, along with many individuals required to travel extensively; and

WHEREAS, circumstances regarding school closures will increase the impact on parents summoned for jury service; and

WHEREAS, the current limitations on reasonably available COVID-19 testing increases the uncertainty of the health status of summoned jurors and others; and

WHEREAS, as a public institution committed to the sound administration of equal justice under law, this Court believes that it should take reasonable and prudent actions to further that mission;

NOW, THEREFORE, in order to further public health and safety, the health and safety of Court personnel, counsel, litigants, other case participants, jurors, security personnel and the general public and in order to reduce the number of gatherings necessarily attendant to trial jury selection in all divisions of this Court, and in order to minimize travel by participants in

Court proceedings, (particularly travel by public conveyance), by virtue of the direction of the Board of Judges, and the provisions of 28 U.S.C. §§ 137(a), 139 and 452, the United States District Court for the Western District of Pennsylvania ("Court") issues the following Order:

1. This Court, and the United States Courthouses in Pittsburgh, Johnstown, and Erie, will remain open for the conduct of official business, subject to the following:

2. Effective this date, all civil and criminal jury selections and jury trials in the Western District of Pennsylvania scheduled to begin before April 27, 2020 are continued pending further Order of the Court. The Court may issue further Orders concerning future general continuances of any matters as may be deemed necessary and appropriate. All jury selections and trials impacted by this Order will be reset by further Order of the assigned judicial officer.

3. All trial-specific or other deadlines or scheduling orders in all civil and criminal cases remain in effect unless modified by further Order of the Court or by Order of the assigned judicial officer. It is the sense of the Court that its judicial officers will apply the principles of flexibility and accommodation to reasonable requests for filing or scheduling adjustments necessitated by reasonable and fact-based travel, health or safety concerns, or advice or directives of public health officials.

4. Aside from ordering a jury trial, the judicial officer presiding over any action or proceeding may take, and is encouraged to take, such further actions and enter such Orders as are consistent with the substance and tenor of this Order and as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the substantial rights of the parties in specific cases.

5. The Court is cognizant of the trial, procedural, and substantive rights of all litigants, and also particularly of the rights of criminal defendants to a speedy and public trial under the Sixth Amendment (and the particular application of that right in cases involving defendants who are detained pending trial). Any request by a criminal defendant or the United States in a criminal proceeding, or of a party to any civil action, seeking case-specific relief from any provision of this Order is to be directed to the Chief Judge via a Motion filed at Misc. No. 2:20-mc-394-MRH, with a copy of such Motion filed as a Notice on the case-specific docket. Any such request for relief will be resolved by the Chief Judge or his designee.

6. The time period of March 13, 2020 through April 27, 2020 shall be "excluded time" under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking that action substantially outweigh the interests of the parties and the public in a speedy trial. Therefore, absent further Order of the Court, the period of time from March 13, 2020, to April 27, 2020 is considered to be excluded time in *all* criminal proceedings in this Court pursuant to U.S.C. § 3161(h)(7)(A), the Court specifically finding and concluding that the ends of justice served by taking such actions and by such delay materially outweigh the best interests of the public and the defendants in a speedy trial. Specifically, such exclusion is necessary to assure that as to cases going to trial, a full, unhindered, continuously serving jury venire and seated jury in every case, which is central to the sound administration of justice, and such exclusion of time is necessary in cases not yet set for trial in order to address the reasonably anticipated difficulties in defense counsel quickly communicating or visiting with detained clients (including those detained in locales and facilities under a declared state of emergency), and the inherent delay in the scheduling of further trials as a consequence of the exclusion period

herein. The Court may by further Order extend the period of exclusion as circumstances may warrant, and the assigned judicial officer may by Order also do so as to any specific proceeding.

7. Individual judicial officers may continue to hold hearings, conferences, sentencings, change of plea hearings, and bench trials in the exercise of their sound discretion, and consistent with the principles of this Order and the sound administration of justice, and after such reasonable consultation with counsel as they may deem appropriate.

8. All judicial officers are encouraged to conduct proceedings by telephone or video conferencing where practicable and as permitted by law, and to take reasonable measures to avoid the necessity of out-of-town travel (especially by public conveyance) of any litigant, witness, counsel or the public. In furtherance of this Court's Alternative Dispute Resolution ("ADR") Policies and Procedures, the designated ADR neutral in any proceeding is hereby authorized to permit participation in any ADR proceeding via video and/or telephone conference, if in their judgment such will be effective and doing so will minimize travel (especially by public conveyance) by any participant. Further, all judicial officers are encouraged to consider minimizing the need for the physical appearance of a detained person for the protection of the health of such detained persons, counsel, Court and security personnel, other case participants and the public, unless such appearance is otherwise required by Fed. R. Crim. P. 43.

9. Criminal matters before Magistrate Judges, such as initial appearances, arraignments, detention hearings, and the issuance of search or other warrants, shall continue utilizing such procedures as they or the Court may direct which are consistent with the tenor of this Order and applicable law (including the use of video technology). Central Violations Bureau

proceedings may be rescheduled or continued at the discretion and direction of the Chief Magistrate Judge.

10. Sitting grand juries in each division of the Court are authorized to continue to meet, subject to further Order of the Court.

11. Formal proceedings of the Court's RISE, Veterans', and BRIDGES Court Programs are held in abeyance until April 27, 2020, or further Order. The respective "special court" teams and the Probation Office may, at their election, conduct informal sessions and/or supervision via video or teleconference as they deem appropriate.

12. Non-case related meetings and events scheduled to occur at a Court facility prior to April 27, 2020 shall be rescheduled to a later date via the appropriate Court office. The Clerk's Office, Probation Office, and all other Court offices and services shall otherwise remain open subject to further Order of the Court.

13. The Chief Judge of the Bankruptcy Court for this District shall enter such Orders as she deems appropriate for the conduct of that Court's business.

Mark R. Hornak
Chief United States District Judge

March 13, 2020