IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  ADMINISTRATIVE ORDER CONCERNING JURY TRIALS AND CERTAIN OTHER PROCEEDINGS RELATIVE TO COVID-19 MATTERS | ) ) ) ) ) ) ) Misc. No. 2:20-mc-394-MRH |

**ADMINISTRATIVE ORDER**

**(UPDATED AS OF OCTOBER 30, 2020)**

WHEREAS, public health authorities have advised, and continue to advise, public and private agencies to continue to take all necessary and appropriate precautions to reduce the possibility of exposure to and transmission of novel coronavirus ("COVID-19") and to slow the spread of the disease by among other things limiting sustained group gatherings of people, maintaining consistent social distancing among people in all settings, to provide for the use of masks, and limiting sustained indoor activities involving spoken presentations; and

WHEREAS, jury selection in this District frequently involves the necessity for large jury venire pools (and in such regards, particularly in criminal trial jury selections), often consisting of individuals in or caring for those in the age and other categories identified by the federal Centers for Disease Control and Prevention ("CDC") as being particularly at risk, or who are otherwise at substantially enhanced health risks for other recognized reasons, along with many individuals being required to travel extensively and from a distance and/or via public transportation for such service given the geographic scope and size of the District and each of its Divisions; and

WHEREAS, there have been in place for an extended period of time public health advisories issued by the Governor and Secretary of the Department of Health of the

Commonwealth of Pennsylvania relative to the gathering of groups in public settings, and in particular indoor settings. These advisories have had the effect and will continue to have the effect of advising the substantial limiting of operations at such locations which are proceeding in conformity with such advisories, including numerous places of employment, primary and secondary schools, childcare facilities, eldercare facilities, nursery and preschools, and similar vital services and other institutions for an extended period of time, and many of those relevant directives remain in force and/or of practical effect; and

WHEREAS, while such publicly applicable limitations and advisories have from time to time been relaxed to a degree, they nonetheless still direct or affirmatively counsel that organizations and institutions take all reasonable steps to secure the public health by compliance with applicable recommendations of the CDC and other governmental and health agencies including limitations on the population size of gatherings, limitations on sustained indoor gatherings and requiring the use of face coverings, persistent physical distancing of individuals and other protective measures; and

WHEREAS, the process of responding to jury summonses and service on juries by those employed in essential public functions, including in healthcare operations, those who are at increased risk of COVID-19 due to age, health vulnerabilities or other reasons, and those who will face substantial childcare challenges arising from the renewed closure of schools and/or curtailment of in-person instruction creates a serious impact on the capacity of persons so employed or engaged and summoned to serve, increasing substantially the likelihood of the need to summon ever-larger jury venire pools for potential service and potentially diminishing the representative nature of the pool of summoned jurors; and

WHEREAS, the resumption of jury trials (and in particular criminal case jury trials) in this Court will in many cases involve the extensive use of juror questionnaires and more complex *voir dire* processes, which will increase substantially the period of time from the date of initial jury summons to jury selection, the periods of time involved in such jury selections (with larger groups of people necessarily present) and the conduct of a trial and related proceedings, along with significant limitations on the number of jury trials that can be conducted at the same time in any one Division of the Court in order to meet the goals of public health protocols as outlined above; and

WHEREAS, governmental public health orders applicable to all portions of this judicial district, dating to March 12, 2020, have in letter or effect materially and substantially impaired or wholly curtailed, and continue to impair, the ability of defense counsel to engage in necessary case and field investigations and client consultations, particularly but not exclusively as to detained defendants; and

WHEREAS, the fragility of the current public health situation in this District, the limitations on public transportation services and the present material uncertainty of primary and secondary school operations affecting many of those who would be summoned in the near term for jury service (including the recent curtailment or physical closures of "in person" operations at public and private schools in locations across this District) would increase the likely hardship on many of those so summoned, potentially impacting the ability to generate representative jury pools of those that could actually serve without such significant hardship, and at the same time increasing the need for ever-larger pools of summoned jurors, generating the gathering of larger groups of individuals; and

WHEREAS, the detention centers where this District's federal detainees are resident have limited for health safety reasons the movement of detained individuals from and then back to those facilities, have imposed mandatory quarantine and isolation periods for any detained person who leaves the detention facility for any reason, and have also materially limited or as to certain detained individuals prohibited direct physical visitation and interaction of counsel with those detained in such facilities that is reasonably necessary for purposes of consultation and trial preparation and full engagement by such persons in the defense of their case, and the timing of the return of detention centers to open operations and the terms of such remain materially uncertain; and

WHEREAS, the on-going limitations on reasonably and broadly available COVID-19 testing and contact tracing protocols and resources may increase the uncertainty of the current and near-term health status of summoned jurors and other necessary trial participants and the ability to assess their health status, and which counsel the need for precautionary actions including but not limited to the use of face coverings by all trial participants; and

WHEREAS, the Court has been carefully considering and then methodically applying the phased resumption of operations protocols applicable to the federal trial courts, including this Court, which do not yet counsel the resumption of full Court operations nor the full resumption of civil and criminal jury trials in this Court generally and more specifically in its various Divisions, and which upon resumption of such advise substantial limitations on the number of persons present in any court proceeding and directing significant physical distancing of all in attendance, including trial participants and the public attendant to public proceedings; and

WHEREAS, the Administrative Office of the United States Courts ("AO") convened a special task force of experienced federal trial judges and court executives which has circulated "best practices" for the conduct of jury trials in the federal courts, giving substantial and principal consideration to the health and safety of all trial participants and the public, which recommendations remain under advisement and subject to on-going revision; and

WHEREAS, a substantial number of United States District Courts have continued to pause the resumption of jury trials in light of the above factors or in some cases have suspended further jury trials having previously convened them, or are only now beginning to plan to conduct or to conduct one or more trials on a limited basis in order to gauge the efficacy of recommended health and safety protocols in a trial setting, the outcomes of which will inform the sound judgment of this Court in these regards; and

WHEREAS, public health officials have advised the public and the Court that in the past several weeks there have been material, persistent and significant increased numerical occurrences and positivity rates of COVID-19 infections and accompanying hospitalizations in the counties which make up this judicial District and more generally, coupled with what the relevant public health officials have observed to be evidence of a recurring COVID-19 infection surge nationally and regionally in the prevalence of positive COVID-19 cases, testing positivity and hospitalizations, all of which are anticipated by public health authorities to persist and expand in the coming weeks, and that as a result of the same, the public health situation in terms of community spread of the COVID-19 virus is trending in a materially negative direction, and in ways that would negatively impact this Court and its operations (including the scheduling of jury trials with the degree of date certainty necessary for adequate trial preparation by all

counsel), and that such assessment has already been borne out in a number of the communities where resumption of such trial and public gathering attendance has actually occurred; and

WHEREAS, as a public institution committed to the sound administration of equal justice under law, this Court concludes that it should continue to take reasonable and prudent actions to further that mission consistent with public health needs and the health needs of trial and proceeding participants;

NOW, THEREFORE, in furtherance of the above-stated findings particularized to this District and in order to continue to further the essential public functions of this Court in the administration of justice consistent with sound principles of public health and safety, the health and safety of Court personnel, counsel, litigants, other case participants, jurors, and the general public and in order to minimize the number of large gatherings necessarily attendant to trial jury selection in all Divisions of this Court, to permit for the effective case investigation and trial preparation of counsel for criminal jury trials and other proceedings, to take into consideration the necessary lead time for the effective issuance of a sufficient number of juror summons in conformity with the Court's Jury Plan including the use of relevant juror questionnaires, to provide for a greater degree of date certainty for jury selection and trials (particularly in criminal cases) as best as is reasonable in light of the on-going evolution and changes in the status of the COVID-19 related public health situation in this District and more generally, and in order to minimize travel by participants in Court proceedings, (particularly travel by public conveyance), by virtue of the direction of the Board of Judges of this Court, and the provisions of 28 U.S.C. §§ 137(a), 139 and 452, the United States District Court for the Western District of Pennsylvania hereby issues the following Order, in furtherance of the above and the Court's similar Orders of March 13, 2020, April 16, 2020, May 29, 2020 and August 27, 2020:

1.       This Court, and the United States Courthouses in Pittsburgh, Johnstown, and Erie, will remain open for the conduct of official business, subject to the following provisions.

2.       Except as it otherwise provided below, civil and criminal case jury selections and civil and criminal case jury trials in the Western District of Pennsylvania scheduled to begin (or which are to be scheduled to begin) before **February 8, 2021** are continued pending further Order of the Court. The Court may issue further Orders concerning this or future general or specific continuances as may be deemed necessary and appropriate. All such continued jury selections and trials will be reset by further Order of the assigned judicial officer. Notwithstanding the above, the Court intends on an initial basis to conduct one or more civil jury trials in each Division of the Court at one or more junctures occurring during the period of November 2020 through January 2021 in order to facilitate and assess the safe and effective implementation of operational protocols for jury trial operations. Such civil jury trials will be scheduled by the presiding judicial officer after consultation with the undersigned and shall not involve any detained participants. Subject to the then-applicable public health considerations and the advice of the relevant public health professionals, it is anticipated that by the end of November 2020, criminal jury trials to be conducted at least initially on a "one trial at a time" basis in each of the Court's Divisions will be calendared with a degree of certainty to begin with jury selection on or after February 8, 2021. In doing so, the Court may cause the designation of a primary and one or more "backup" jury selections/trials for any designated trial slot(s).

3.       All trial-specific or other deadlines in all civil and criminal cases remain in effect unless modified by further Order of the undersigned or by Order of the assigned judicial officer. It is the sense of the Court that its judicial officers will continue to apply the principles of flexibility

and accommodation to reasonable requests for filing or scheduling adjustments necessitated by reasonable fact-based travel, health or safety concerns or directives of public health officials.

  4. Aside from ordering a criminal jury trial (or a civil jury trial other than as described in Paragraph 2 above) to begin before February 8, 2021, the judicial officer presiding over any action or proceeding may take such further actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the substantial rights of the parties.

  5. The Court is cognizant of the trial, procedural, and substantive rights of all litigants, and also particularly of the rights of criminal defendants to a speedy and public trial by statute and under the Sixth Amendment (and the particular application of that right in cases involving defendants who are detained pending trial). Therefore, any request by a criminal defendant or the United States in a criminal proceeding, or of a party to any civil action, seeking relief from any provision of this Order, including as to the provisions of Paragraph 2 above, is to be directed to the Chief Judge via a Motion filed at Misc. No. 20-mc-394-MRH, with a copy of such Motion also being filed as a Notice on the case-specific docket. A notice and copy of such filing shall also be provided directly to the Chambers of the Chief Judge. Any such request for relief will be resolved by the Chief Judge or his designee.

  6. For each and all of the reasons set forth herein, and in the Court's prior Administrative Orders as to these matters, the time period of March 13, 2020 through February 8, 2021 shall be "excluded time" under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking that action substantially outweigh the interests of the parties and the public in a speedy trial, for all of the reasons set forth the in this Order, including in the "whereas" clauses set forth above. Therefore, in continuation of the Court's

Administrative Orders of March 13, 2020, April 16, 2020, May 29, 2020, and August 27, 2020 as to these matters (which excluded the time from March 13, 2020 through April 26, 2020, March 13, 2020 through June 12, 2020, March 13, 2020 through September 8, 2020, and March 13 through October 31, 2020, respectively), the period of time from March 13, 2020 to and including February 8, 2021 is considered to be excluded time in *all* criminal proceedings in this Court pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court specifically finding and concluding that the ends of justice served by taking such actions and by such delay materially outweigh the best interests of the public and the defendants in a speedy trial in *all* such pending criminal cases, because, at least, the health and safety circumstances caused by COVID-19 make it necessarily and equally highly unlikely that a jury can be empaneled in *any* criminal cases under the current public health circumstances and under the applicable directives and orders of relevant local, state and federal health and governmental authorities. Specifically, the Court further finds and concludes that such exclusion is necessary in *all* cases to assure that as to cases going to trial, a full, unhindered, continuously serving jury venire and seated jury in every case, which is central to the sound administration of justice, is available. Such exclusion of time is further and also necessary in cases not yet set for trial, and in those cases previously set for trial but continued by this or other Order, in order to address the current actual, and reasonably anticipated future, profound difficulties or impossibility in defense counsel quickly and effectively communicating with or visiting with detained clients (including those detained in locales under a declared state of emergency and/or where access to jails or detention centers for physical counsel visits is limited and in some cases prohibited with no currently fixed future date for resumed "normal" operations) for the purposes of trial preparation and consultation between client and counsel, along with the inherent delay in the scheduling and rescheduling of criminal trials as a consequence of the exclusion period herein

and as contained in prior Orders of this Court. The Court may by further Order extend or modify the period of exclusion as circumstances may warrant, and the assigned judicial officer may by Order also do so relative to any specific proceeding.

7.  Individual judicial officers may hold hearings, conferences, sentencings, change of plea hearings, and bench trials in the exercise of their sound discretion, consistent with the principles of this Order and the other Administrative Orders and the operational protocols of this Court, and after such reasonable consultation with counsel as they may deem appropriate. Such proceedings may be held, and are encouraged to be held, via video/telephone conference as permitted by law. Such proceedings may be held in person if such becomes appropriate in the then-existing circumstances as to Court operations and the needs of the case,  and as are also consistent with then-applicable public health and safety considerations, directives and advisories from relevant public health authorities (including but not limited to such guidance and directives as to group size limitations, as well as to the movement of detained persons to and from detention centers). The Court will continue to make extensive reasonable and authorized use of video/audio technology for any proceedings, and in setting "in person" proceedings the Court and each assigned judicial officer will give due consideration to the positions of the involved parties, the public interest, the necessity of then conducting in-person proceedings in the circumstances presented, along with any demonstrated and specific personal or public health concerns advanced by any party or participant.

8.  All judicial officers are encouraged to continue to conduct proceedings by telephone or video conferencing wherever in their judgment doing so is practicable in a given case and on terms as permitted by law, and to take reasonable measures to avoid the necessity of out-of-town travel (especially by public conveyance) of any litigant, counsel or the public. In

furtherance of this Court's Alternative Dispute Resolution ("ADR") Policies and Procedures, the designated ADR neutral in any proceeding is hereby authorized to permit participation in any ADR proceeding via video and telephone conference, if in their judgment such will be effective and doing so will minimize travel (especially by public conveyance) by any participant. All judicial officers are encouraged to continue to minimize the need for the personal physical appearance of a detained person at any proceeding for the protection of the health of such detained person, counsel and the public, unless such personal physical appearance is otherwise appropriate and required by law.

9.  Criminal matters before Magistrate Judges, such as initial appearances, arraignments, detention hearings, and the issuance of search warrants, shall continue utilizing such procedures as they or the Court may direct which are consistent with the tenor of this Order. Central Violations Bureau proceedings may be conducted, rescheduled or continued at the direction of the Chief Magistrate Judge.

10. Grand juries shall be seated and shall meet except as may be otherwise directed by further Order of the Court. Naturalization proceedings necessary to preserve the substantial and urgent interests of those to be naturalized and their families may be conducted so long as such occurs in conformity with applicable public health advisories, are limited in time and scope to the minimum reasonably necessary, and are limited in attendance to only those reasonably necessary to the administration of an oath of citizenship or as may otherwise be required by law.

11. Formal in-person proceedings of the Court's RISE, Veterans', and BRIDGES Court Programs are held in abeyance until further Order. The respective "special court" teams and the Probation Office may, at their election, conduct informal sessions, formal sessions and/or supervision via video or teleconference as they deem appropriate.

12. Non-case related meetings and events scheduled to occur at a Court facility prior to February 8, 2021 shall be rescheduled to a later date via the appropriate Court office, unless otherwise authorized by the Court. The Clerk's Office, Probation Office, and all other Court offices and services shall otherwise remain open subject to further Order of the Court. The Chief Judge of the Bankruptcy Court for this District shall enter such Orders as she deems appropriate for the conduct of that Court's business.

13. This Order amends and updates this Court's Administrative Orders of March 13, 2020, April 16, 2020, May 29, 2020, and August 27, 2020 on these matters and is subject to amendment or modification in any regard by further Order.


                                                s/ Mark R. Hornak
                                                Mark R. Hornak
                                                Chief United States District Judge

October 30, 2020